RILEY SAFER HOLMES & CANCILA LLP
JOSHUA L. ROQUEMORE (CSB No. 327121)
jroquemore@rshc-law.com
100 Spectrum Center Drive, Ste 650
Irvine, CA  92618
Telephone:   (949) 359-5500
Facsimile:    (949) 359-5500

WICK PHILLIPS GOULD & MARTIN, LLP
RUSTY J. O'KANE (Pro Hac Vice *Filed*)
rusty.okane@wickphillips.com
ALEXANDRA W. WAHL (Pro Hac Vice)
alex.Wahl@WickPhillips.com
3131 McKinney Avenue, Suite 100
Dallas, Texas 75204
Telephone: (214) 692-6200
Facsimile: (214) 692-6255

Attorneys for Plaintiff
OAKSTONE LAW GROUP, PC

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OAKSTONE LAW GROUP, PC,<br><br>                           Plaintiff,<br><br>v.<br><br> MARICH BEIN, LLC,<br><br>                          Defendant. | Case No. 2:23-cv-1463-JWH-ADS<br><br>**SUPPLEMENT TO PLAINTIFF'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR OSC RE: PRELIMINARY INJUNCTION**<br><br>Complaint Filed:   February 27, 2023<br>Pretrial Conf.:      TBD<br>Trial:                    TBD |

NOW COMES Plaintiff, OAKSTONE LAW GROUP, PC ("Oakstone" or "Plaintiff"), by and through its undersigned counsel, as and for its Supplement to Plaintiff's *Ex Parte* Application for Temporary Restraining Order and Request for OSC Re: Preliminary Injunction ("Application"), alleges as follows:

- 1 -

# SUPPLEMENT TO APPLICATION

1. Since Plaintiff filed its Application on February 27, 2023, it has received several additional communications from clients with additional evidence in support of Plaintiff's Application for TRO. There have also been several developments in ancillary litigation in Texas, necessitating supplementation of Plaintiff's evidence in support of its Application.

2. On February 16, 2023, the 193rd Judicial District Court of Dallas County, Texas ("Texas Court"), in Cause No. DC-23-02116, *Oakstone Law Group, PC v. BankUnited, NA*, found Plaintiff would suffer immediate and irreparable injury, loss, and damage if Marich Bein's bank, BankUnited, NA ("BankUnited"), continued to debit Plaintiff's customers' accounts. A true and correct copy of the February 16 Texas TRO is attached as **Exhibit "A."** After the Texas TRO expired, on Thursday, March 2, 2023, the Texas Court entered a Modified Temporary Restraining Order ("Modified Texas TRO"), finding ongoing harm and good cause to order BankUnited to notify Marich Bein in writing not to "initiate any automatic payments, electronic transfers, or debits for the Purchased Accounts," which are the accounts in dispute in this Lawsuit. A true and correct copy of the Modified Texas TRO is attached as **Exhibit "B."**

3. Despite multiple requests from a Texas Court and Oakstone, Marich Bein has continued to make unauthorized and improper debits from Oakstone's customers' accounts. Even after Plaintiff filed its Application herein and obtained entry of the Texas TRO, Plaintiff continues to endure ongoing harm as Marich Bein continues to initiate these payments from Plaintiff's customers.

4. In the last few days, several of Plaintiff's customers have not only continued to have their bank accounts debited by Marich Bein without authorization, but to support Oakstone's Application, the customers submitted additional complaints and affidavits, evidencing the ongoing harm. Evidence of the additional complaints and resulting harm is attached to **Exhibit "C,"** the Declaration of

Oakstone's Chief Financial Officer, Dongliang Jiang ("Jiang Declaration"). Several of Plaintiff's customers signed declarations evidencing the termination of their relationship with LPG/Marich Bein, their retention of Oakstone as their law firm, and pleading to the Court to enjoin Marich Bein's ongoing tortious conduct. True and correct copies of the customer affidavits and their legal service agreements with Oakstone are attached as **Exhibit "D."**

5.  As stated in the Jiang Declaration, since Plaintiff filed its Application, Marich Bein continues to debit the accounts, which is preventing Plaintiff from charging Plaintiff's customers for legal services Plaintiff is providing. In other words, Plaintiff is still providing the legal services for which Marich Bein is debiting the accounts. Plaintiff, to avoid causing harm to its customers, has paused its own debits, but unless Marich Bein is enjoined, Oakstone faces the complete closure of its business. Therefore, Plaintiff was forced to lay off a percentage of its workforce. If Marich Bein is permitted to continue to "initiate any automatic payments, electronic transfers, or debits for the Purchased Accounts" before trial can be had in this suit, Plaintiff's business will fold entirely. Thus, Plaintiff pleads to the Court for injunctive relief to stop the bleeding.

## **CONCLUSION**

For these reasons, Plaintiff asks the Court to consider this Supplement and grant a temporary restraining order, and preliminary injunction, against Marich Bein, its agents, affiliates, subsidiaries, parent companies, successors, assigns, servants, employees, and attorneys, and those persons in active concert or participation with it.

| | | |
|---|---|---|
| Dated: March 6, 2023 | | Respectfully submitted, |
| | | RILEY SAFER HOLMES & CANCILA LLP |
| | | By: */s/ Joshua L. Roquemore* |
| | |     Joshua L. Roquemore |
| | | WICK PHILLIPS GOULD & MARTIN LLP |
| | | Rusty J. O'Kane *(pro hac vice filed)* |
| | | Alexandra W. Wahl *(pro hac vice)* |
| | | Attorneys for Plaintiff |
| | | OAKSTONE LAW GROUP, PC |

- 4 -

SUPPLEMENT TO PLAINTIFF'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR OSC RE: PRELIMINARY INJUNCTION